UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN S. ADAMS,

                Plaintiff,

    v.

MABURY, et al.,

                Defendants.

CASE NO. 2:25-cv-01422-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: **October 13, 2025**

       This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Dkt. 7. Before the Court is Plaintiff Ryan S. Adams's application to proceed *in forma pauperis* ("IFP") in this action. Dkt. 6. Having reviewed Plaintiff's submissions to the Court in this case and court records of his prior prisoner civil rights actions, the Court finds Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and is ineligible to proceed IFP in this action.

       Thus, the undersigned recommends the IFP application (Dkt. 6) be denied and Plaintiff be required to pay the $405.00 filing fee before proceeding in this action. If Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended this case be terminated.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, who is currently incarcerated at Monroe Correctional Complex-IMU ("MCC"), filed this prisoner civil rights action concerning personal property allegedly lost, destroyed, and/or withheld by correctional staff at that and other DOC facilities. Dkt. 6-1 at 6–11. Plaintiff further alleges he experienced sexual harassment while confined at Clallam Bay Correctional Center and Stafford Creek Correctional Center. *Id.* at 12–14. As relief, Plaintiff requests his personal property be returned, compensation for lost and destroyed property, and punitive damages. *Id.* at 16.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule" contained in § 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

REPORT AND RECOMMENDATION - 2

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). Thus, when an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id.* at 1155.

Here, the records of this Court and of the United States District Court for the Eastern District of Washington show Plaintiff previously filed seven prisoner civil rights actions while incarcerated. Of those actions, at least three were dismissed for failure to state a claim upon which relief may be granted. Thus, the following prior dismissals constitute "strikes" pursuant to section 1915(g):

1. *Adams v. Inslee et al.*, No. 3:24-cv-05417-TMC, Dkt. 11, 12 (W.D. Wash. Aug. 16, 2024) (dismissing complaint for failure to state a claim);

2. *Adams v. Robertson, et al.*, No. 4:24-cv-05053-SAB, Dkt. 14, 15 (E.D. Wash., Dec. 6, 2024) (dismissing amended complaint for failure to state a claim); and

3. *Adams v. Jackson et al.*, No. 4:24-cv-05041-SAB, Dkts. 19, 20 (E.D. Wash. Oct. 3, 2025) (dismissing second amended complaint for failure to state a claim).

Because Plaintiff has incurred at least three "strikes," he is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he filed his proposed complaint. *See* 28 U.S.C. § 1915(g). Plaintiff's allegations relating to loss of personal property do not satisfy this standard, nor do his allegations that he experienced verbal sexual harassment at DOC facilities where he is no longer confined. As Plaintiff has incurred at least three strikes and failed to show he is facing immediate danger of serious physical injury, the

REPORT AND RECOMMENDATION - 3

1  undersigned recommends his IFP application (Dkt. 6) be denied and that Plaintiff be required to
2  pay the filing fee before he may proceed in this case.

3  **III.    CONCLUSION**

4  For the stated reasons, the undersigned finds that Plaintiff has incurred at least three
5  "strikes" and is barred from proceeding without prepayment of fees under 28 U.S.C. § 1915(g).
6  It is therefore recommended the IFP application (Dkt. 6) be denied and Plaintiff be directed to
7  pay the $405.00 filing fee within 30 days of the adoption of this Report and Recommendation. If
8  Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended this
9  case be terminated.

10  Objections to this Report and Recommendation, if any, should be filed with the Clerk and
11  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this
12  Report and Recommendation is signed. Failure to file objections within the specified time may
13  affect your right to appeal. Objections should be noted for consideration on the District Judge's
14  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
15  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
16  ready for consideration by the District Judge on **October 13, 2025**.

17  Dated this 26th day of September, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4