UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN SCOTT ADAMS, | CASE NO. C25-1422JLR |
| Plaintiff, | ORDER |
| v. | |
| MABURY, et al., | |
| Defendants. | |

On September 26, 2025, United States Magistrate Judge David W. Christel issued a report and recommendation in which he recommended that the court deny Plaintiff Ryan Scott Adams's motion for leave to proceed *in forma pauperis* ("IFP") because Mr. Adams had accumulated three strikes under the Prison Litigation Reform Act's ("PLRA") three-strikes rule.  (R&R (Dkt. # 8) (citing 28 U.S.C. § 1915(g)).)  Mr. Adams did not file objections to the report and recommendation before the October 10, 2025 deadline to do so expired.  (*See generally* Dkt.; *see* R&R at 4 (instructing Mr. Adams to file objections no later than 14 days after the issuance of the report and

ORDER - 1

recommendation).) On October 15, 2025, the court adopted the report and recommendation, denied Mr. Adams's motion to proceed IFP, and instructed Mr. Adams to pay the filing fee by no later than November 14, 2025. (10/15/25 Order (Dkt. # 9) (directing Mr. Adams to pay the filing fee within 30 days).) On November 10, 2025, rather than pay the filing fee, Mr. Adams filed untimely objections to the report and recommendation. (Obj. (Dkt. # 10).) He asserts that he is no longer subject to the PLRA's three-strikes rule because his most recent "strikeable" case was dismissed over 365 days ago. (*Id.* at 3-4.)

The PLRA prohibits prisoner litigants from proceeding IFP "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

Here, Mr. Adams raises two challenges to the report and recommendation's list of § 1915(g) strikes.[1] First, Mr. Adams points out that the list includes a case with a purported dismissal date that had not yet elapsed when the report and recommendation was filed on September 29, 2025. (*Id.* at 2; *see* R&R at 4 (including "*Adams v. Jackson*

---

[1] He does not make any allegations in his complaint that he is under imminent danger of serious physical injury. (*See generally* Prop. Compl. (Dkt. # 1-1).)

*et al.*, No. 4:24-cv-05041-SAB, Dkts. 19, 20 (E.D. Wash. Oct. 3, 2025)" in the list of strikes).) Upon review of the *Adams v. Jackson* docket, however, it is clear that the date listed in the report and recommendation was an error and that the dismissal order and judgment were properly issued on October 3, 2024. *See Adams v. Jackson*, No. 4:24-cv-05041-SAB (E.D. Wash. Oct. 3, 2024), Dkt. ## 19, 20. Furthermore, contrary to Mr. Adams's assertion, § 1915(g) does not require the three strikes to have occurred within the past year to bar a prisoner litigant from proceeding IFP. *See* 28 U.S.C. § 1915(g) (including no temporal limit on strikes).

Second, Mr. Adams argues that *Adams v. Jackson* does not count as a strike because the Ninth Circuit "reversed the dismissal" on October 23, 2025. (Obj. at 15.) The Ninth Circuit, however, did no such thing. Instead, on October 23, 2025, the Ninth Circuit granted Mr. Adams leave to proceed IFP after finding that the "appeal involves at least one non-frivolous issue." Order, *Adams v. Jackson*, No. 4:24-cv-05041-SAB (E.D. Wash. Oct 23, 2025), Dkt. # 28. Furthermore, the Supreme Court has made clear that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). The Court explained that the "statute literally says" that "the 'three strikes' provision applies where a prisoner 'has, on 3 or more prior occasions . . . brought an action or appeal . . . *that was dismissed* on' certain grounds." *Id.* (quoting 28 U.S.C. § 1915(g) (emphasis in *Coleman*)). As a result, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." *Id.* at 541. Accordingly, the Eastern

District of Washington's dismissal of *Adams v. Jackson* remains a § 1915(g) strike because Mr. Adams's appeal of that dismissal is still pending.

In sum, and for the foregoing reasons, the court OVERRULES Mr. Adams's objections (Dkt. # 10) and ORDERS him to pay the $405.00 filing fee by no later than **December 24, 2025**. The Clerk is DIRECTED to terminate this case if the filing fee is not paid on or before the required deadline.

Dated this 24th day of November, 2025.

JAMES L. ROBART
United States District Judge